FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAY 31 AM 11:28

DENEEN J. BUSH,

Plaintiff,

v.

Case No.: 6:17-cv-978-ORL-40TBS

NATIONAL DENTEX, LLC, a Delaware
corporation and successor to NATIONAL
DENTEX CORPORATION, a Massachusetts
corporation, doing business as FLORIDA
LABORATORIES,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF CLAIM

1. In this action, Plaintiff DENEEN J. BUSH, a female, seeks to redress injuries she suffered as a result of employment discrimination and retaliation by Defendant NATIONAL DENTEX, LLC, a Delaware corporation and successor to Defendant NATIONAL DENTEX CORPORATION, a Massachusetts corporation, doing business as FLORIDA LABORATORIES. Plaintiff suffered and continues to suffer from being subjected to unequal treatment, gender and age discrimination, and to a hostile work environment. Additionally, Plaintiff seeks damages for her termination from employment, in retaliation for her having complained about the discriminatory treatment. Plaintiff brings the claims of discrimination and retaliation under: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §621, *et. seq.* ("ADEA"); and the Florida Civil Rights Act, §760.01 *et seq.*, Florida Statutes ("FCRA").

## II. JURISDICTION

2. As an action to secure relief against discrimination in employment on the basis of age in violation of the ADEA, 29 U.S.C. §621 *et seq.*, jurisdiction of this Court is invoked pursuant to 29 U.S.C. §626 and 28 U.S.C. §§1331 and 1337. Jurisdiction of this Court is also invoked on the Plaintiff's Title VII sex discrimination claim pursuant to 42 U.S.C. §2000e-5(F)(3). Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.  a. Plaintiff DENEEN BUSH (hereafter "Plaintiff") is a citizen of the United States and a resident of Orange County, Florida.

  b. Plaintiff is a woman.

  c. Plaintiff was employed by Dynamic Ceramics, Inc., a dental laboratory, for approximately eight (8) years, before Defendant NATIONAL DENTEX CORPORATION bought its assets and took on its employees including Plaintiff.

4. At the time Plaintiff was discharged, her employer was known as NATIONAL DENTEX CORPORATION, a Massachusetts corporation, which was doing business in Orange County, Florida as FLORIDA LABORATORIES, where Plaintiff was employed.

  a. However, on April 11, 2017, that corporation - NATIONAL DENTEX CORPORATION - filed an application to withdraw its authority to conduct business in Florida.

  b. Less than two hours later on the same day, NATIONAL DENTEX, LLC, a Delaware corporation, filed its application to transact business in Florida, retaining the same federal tax identification number used by NATIONAL DENTEX CORPORATION.

  c. NATIONAL DENTEX, LLC uses the same corporate office for its principal office, operates out of the same physical locations across the country (including the one Plaintiff formerly worked at), and uses the same website as NATIONAL DENTEX CORPORATION.

      d.    The same officers listed as President and Treasurer for NATIONAL DENTEX CORPORATION are the managers of NATIONAL DENTEX, LLC.

      e.    Defendant NATIONAL DENTEX, LLC is a successor corporation to NATIONAL DENTEX CORPORATION.

      f.    Defendant NATIONAL DENTEX CORPORATION, FLORIDA LABORATORIES (the fictitious name under which it does business), and NATIONAL DENTEX, LLC are referred to collectively as "NDX" or as "Defendants" throughout this pleading.

      g.    At the time of the discharge of Plaintiff, NDX employed more than 500 (five hundred) employees nationally.

## IV. CONDITIONS PRECEDENT

5.    a.    Plaintiff timely filed an administrative charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

      b.    Plaintiff filed this lawsuit within ninety (90) days of receipt of the Notice of Right to Sue on her EEOC charge.

      c.    Plaintiff's charges of discrimination were cross-filed with the Florida Commission on Human Relations ("FCHR").

      d.    Plaintiff filed this lawsuit more than one hundred eighty (180) days after her charges of discrimination were filed with the Florida Commission on Human Relations.

      e.    Plaintiff has exhausted her administrative remedies on her claims brought under Title VII, the ADEA, and the Florida Civil Human Rights Act.

## V. FACTS

6.    Plaintiff worked approximately 8 years for Dynamic Ceramics, Inc.

7.    Defendant National Dentex Corporation, dba Florida Laboratories, purchased the assets of Dynamic Ceramics, Inc. in approximately June of 2015.

8. Based on the representation of NDX that she would continue in the same job and same pay as office manager, Plaintiff began working for NDX at their Florida Laboratories location.

9. However, instead of office manager, Defendant NDX gave Plaintiff the title of shipping and receiving specialist but said her job duties and pay would be the same.

10. On June 1, 2015, in reliance on the promise that she was to remain employed with Defendant NDX, Plaintiff signed an employment agreement which contained a non-compete and non-solicitation agreement, which she never had previously with Dynamic Ceramics.

11. Approximately a month later, Defendant NDX took away Plaintiff's duties involving customer handling and told her that she was only going to be handling shipping and receiving now.

12. When Plaintiff spoke to her NDX supervisors and managers about the changes in title and duties and complained about being treated unfairly, she was told that she was a mature employee with more experience than her fellow employees as well as having more experience than her supervisors and she was assured that her maturity, knowledge and skills were valued.

13. At that time Plaintiff was 48 years old.

14. On August 14, 2015, Plaintiff was told that she was being terminated and that her position was being eliminated.

15. Elimination of her position seemed absurd to Plaintiff since it was a necessary part of the work that had to be done and she had to work overtime nearly every day to complete her tasks.

16. After she was terminated from her employment with Defendants, Plaintiff learned that two significantly younger women took over her job duties, one of whom was only 21 years old and had just recently been hired.

17. At the time she was terminated from her employment, Plaintiff inquired about whether there was some other work she could do, but Defendants told her that there was no position

available since she had so much experience that she should instead be in some sort of supervisory position.

18. Shortly after her employment with Defendants was terminated, a man was provided a supervisory job over Plaintiff's former department, which was a job that she would have been qualified to do but was given no opportunity to even apply for the position.

19. Along with a proposed Severance Agreement (which Plaintiff did not sign), NDX provided a chart that purported to show the age and title of all persons in her department at the time of the purported Reduction in Force, but her name was the only one on the chart; none of the other employees in her department were listed as having not been selected for Reduction-in-Force.

20. Plaintiff is not aware of any other person being discharged as part of the purported Reduction in Force.

21. Also, before Plaintiff was terminated, she had mentioned to her managers and supervisors at NDX that she was being treated unfairly in her work assignments and position title.

22. Although she did not specify nor was she asked what was the basis of her belief that she was treated unfairly, Plaintiff felt she was being treated unfairly on account of her age and gender.

23. Subsequent to being discharged, Plaintiff believed she was targeted for termination in retaliation for having complained of being treated unfairly.

24. Plaintiff has suffered loss of her job, career, pay and benefits, and has suffered stress, humiliation and great emotional distress due to these discriminatory and retaliatory actions.

## VI. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF - SEX DISCRIMINATION
### [TITLE VII]

25. Defendants engaged in discriminatory employment practices as described in this complaint in paragraphs 1 through 15, 17 through 20, and 24, which resulted in Plaintiff being subjected to unequal treatment, on account of her gender, female, which violated her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

26. **WHEREFORE**, as to the First Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, including, but not limited to:

    a. Awarding appropriate back pay to Plaintiff;

    b. Issuing a Declaratory Judgment that Defendants' practices are violative of Plaintiff's rights under Title VII;

    c. Enjoining Defendants from continuing or maintaining the policy, practice, and custom of denying female employees their rights secured by Title VII;

    d. Ordering Defendants to place Plaintiff in the position which she would have had, absent Defendants' unlawful discrimination;

    e. Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendants' unlawful discrimination;

    f. Awarding Plaintiff compensatory and punitive damages;

    g. Granting Plaintiff costs and reasonable attorney's fees; and

    h. Granting any other relief the Court deems appropriate.

### B. SECOND CLAIM FOR RELIEF - RETALIATION
### [TITLE VII]

27. Defendants engaged in discriminatory employment practices as described in this complaint in paragraphs 1 through 15 and 17 through 24, which resulted in Plaintiff being subjected to a retaliatory discharge, which violated her rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

28. **WHEREFORE**, as to the Second Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, including, but not limited to:

a. Awarding appropriate back pay to Plaintiff;

b. Issuing a Declaratory Judgment that Defendants' practices are violative of Plaintiff's rights under Title VII;

c. Ordering Defendants to place Plaintiff in the position which she would have had, absent Defendants' unlawful retaliation;

d. Restoring Plaintiff with credits of all other employee benefits she would have received but for Defendants' unlawful retaliation;

e. Awarding Plaintiff compensatory and punitive damages;

f. Granting Plaintiff costs and reasonable attorney's fees; and

g. Granting any other relief the Court deems appropriate.

### C. THIRD CLAIM FOR RELIEF: AGE DISCRIMINATION (ADEA)

29. The discriminatory employment practices of NDX described above in this Complaint in paragraphs 1 through 17, 19 through 21, and 24 constitutes unlawful discrimination on the basis of age under 29 U.S.C. §623(a)(1).

**WHEREFORE**, as to the Third Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal and/or equitable relief as will effectuate the purpose of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq,* including but not limited to:

(1) Compelling Plaintiff's reinstatement by Defendant NDX and/or providing front pay to Plaintiff;

(2) Awarding Plaintiff damages in the form of back pay and lost benefits;

(3) Awarding liquidated damages;

(4) Awarding Plaintiff costs and a reasonable award of attorney fees; and,

(5) Awarding such other alternatives and additional relief as appears to the Court to be equitable and just.

### D. FOURTH CLAIM FOR RELIEF: AGE DISCRIMINATION UNDER THE FCRA

30. Defendants' discriminatory employment practices described above described in this Complaint in paragraphs 1 through 17, 19 through 21, and 24 constitute intentional discrimination against Plaintiff which resulted in her discharge on account of her age, in willful violation of the Florida Civil Human Rights Act of 1992, § 760.01 *et seq.*, Florida Statutes, thus entitling her to damages.

**WHEREFORE,** as to the Fourth Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal and/or equitable relief as will effectuate the purpose of the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.01 *et seq.*, including but not limited to:

(a) Compelling Plaintiff's reinstatement by Defendant NDX and/or providing front pay to Plaintiff;

(b) Awarding damages in the form of back pay and lost benefits;

(c) Awarding Plaintiff compensatory and punitive damages pursuant to the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.11(5);

(d) Awarding Plaintiff costs and a reasonable award of attorney fees; and,

(e) Awarding such other alternatives and additional relief as appears to the Court to be equitable and just.

### E. FIFTH CLAIM FOR RELIEF: SEX DISCRIMINATION UNDER THE FCRA

31. Defendants' discriminatory employment practices described above described in this Complaint in paragraphs 1 through 15, 17 through 20, and 24, constitute intentional discrimination against Plaintiff which resulted in her discharge on account of her sex, female, in willful violation of the Florida Civil Human Rights Act of 1992, § 760.01 *et seq.*, Florida Statutes, thus entitling her to damages.

**WHEREFORE,** as to the Fifth Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal and/or equitable relief as will effectuate the purpose of the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.01 *et seq.*, including but not limited to:

(a) Compelling Plaintiff's reinstatement by Defendant NDX and/or providing front pay to Plaintiff;

(b) Awarding damages in the form of back pay and lost benefits;

(c) Awarding Plaintiff compensatory and punitive damages pursuant to the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.11(5);

(d) Awarding Plaintiff costs and a reasonable award of attorney fees; and,

(e) Awarding such other alternatives and additional relief as appears to the Court to be equitable and just.

### F. SIXTH CLAIM FOR RELIEF:
### RETALIATION UNDER THE FCRA

32. Defendants' discriminatory employment practices described above described in this Complaint in paragraphs 1 through 24 constitute retaliation against Plaintiff which resulted in her discharge on account of her complaints about being subjected to discrimination on account of her age and gender, female, in willful violation of the Florida Civil Human Rights Act of 1992, § 760.01 *et seq.*, Florida Statutes, thus entitling her to damages.

**WHEREFORE,** as to the Sixth Claim for Relief, Plaintiff, DENEEN J. BUSH, respectfully requests this Court to enter a judgment awarding Plaintiff all such legal and/or equitable relief as will effectuate the purpose of the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.01 *et seq.*, including but not limited to:

(a) Compelling Plaintiff's reinstatement by Defendant NDX and/or providing front pay to Plaintiff;

(b) Awarding damages in the form of back pay and lost benefits;

(c) Awarding Plaintiff compensatory and punitive damages pursuant to the Florida Civil Human Rights Act of 1992, Fla. Stat. §760.11(5);

(d) Awarding Plaintiff costs and a reasonable award of attorney fees; and,

(e) Awarding such other alternatives and additional relief as appears to the Court to be equitable and just.

## VII. REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/Martha A. Chapman*
MARTHA A. CHAPMAN
Florida Bar No. 4464

MARTHA A. CHAPMAN, P.A.
1219 E. Livingston Street
Orlando, FL 32803
Telephone: 407-896-4835
Fax: 407-574-7912
marty@martychapmanlaw.net

ATTORNEYS FOR PLAINTIFF

DATE: May 31, 2017